# F. C. McRea, Appellant, *v.* Walker *et al.*

A court of chancery will entertain jurisdiction to decree that family servants be specifically delivered up.

The jurisdiction of the probate court is exclusive over all matters expressly confided to it by the constitution; but where the powers of that court are inadequate to do full and ample justice between the parties, either on account of the subject matter, or the want of authority to compel the appearance of parties, a court of chancery will relieve.

APPEAL from the chancery court.

Hutchinson and Foote for appellant.

Mr. Justice Trotter delivered the opinion of the court.

This is an appeal from the court of chancery. The bill was filed to recover the possession of a negro girl named Mary, which complainant alleges belongs to him as one of the heirs and distributees of his sister, Christiana McRea, and his mother, Mary McRea. It appeared by the bill, answers and proofs in the cause that the slave, Mary, together with a negro named Henry, were the property of Mrs. McRea, and that at her death they belonged to D. B. McRea and complainant, as the only surviving heirs. It is therefore wholly immaterial for the purposes of the present inquiry, whether she derived title by the will of her daughter Christiana, as is stated in the bill, or acquired it from other sources. It further appears that before the death of his mother, D. B. McRea sold the negro man, and appropriated the proceeds of the sale to his own use, and that after her death he took possession of the girl, Mary, and sold her to one James Runnels, who had full knowledge of the title of complainant. Runnels died, and the defendant, Walker, as administrator of his estate, with the like notice of the condition of the title, sold the girl, and became the purchaser at his own sale. D. B. McRea died, and no adminis-

tration having taken place of his estate, the bill was filed against his widow and infant children. It was shown that the negro Henry was greatly more valuable than the girl, and the complainant therefore claims that he is entitled to the girl as his share of the property, and to an account for hire, &c.

Upon the above state of facts, the Chancellor dismissed the bill. That the record establishes a title in the complainant, is too manifest to admit of argument. He is therefore entitled to relief. Can he claim the aid of a court of chancery? It is assumed in the argument that the decree of the Chancellor was predicated on the ground that he could not. If this be so, the opinion must have been based upon one of two considerations. Either that there was an adequate subsisting remedy at law, or that the subject matter of the suit belonged to the exclusive jurisdiction of the probate court. In regard to the first consideration, it may be remarked that though the facts upon the record are sufficient to maintain *trover* or *detinue* for the slave in question, yet the complainant has averred that this is a family slave, and that no compensation in damages merely would be an adequate relief. And he urges many reasons in support of his prayer for a specific delivery of the property. He has thus brought his case fairly within the exception to the general rule in regard to chancery jurisdiction, by which the aid of that court has been refused in cases of chattels, when, if by a suit at law the thing itself cannot be recovered, yet a full compensation in damages may be had. A court of chancery will always exert its powers to relieve a party who claims a chattel which from its peculiar value or importance cannot be adequately compensated for by pecuniary damages in a court of law. Thus if the thing be an object of regard from its antiquity, or because it is the production of some distinguished artist, or is a family relic, or heir loom or ornament, such as ancient gems, medals, coins, family pictures, or painting, &c. a court of equity will order it to be delivered up. For the same reason family slaves have been decreed to be specifically delivered up. This is an indulgence which has long been extended to the claims of attachment which may have grown up between the slave and his owner. The cases in 3d Rand. Rep. 170, 6th do. 194, and 3 Munford, 559, are direct authorities for these views.

[F. C. McRea, Appellant, *v.* Walker *et al.*]

In relation to the second consideration upon which it is supposed the decree, dismissing the bill, was grounded, I entertain no doubt. The case of Blanton *v.* King *et al.* 2 How. 856, is imagined by the counsel for the appellant, to have influenced the mind of the Chancellor on the subject of jurisdiction. That case decides that over the several matters confided to it by the constitution, the jurisdiction of the probate court is exclusive. That for this purpose its powers are as ample as those of a court of chancery, and that the latter tribunal has no power to revise the proceedings of the former. The principle of this decision is again asserted in the case of Edmondson *v.* Roberts *et al.* which was decided at the same term of this court. Both cases proceeded, as I conceive, upon the ground that the subject matter of the suit was one over which jurisdiction was expressly confided by the constitution to the probate court, and that the parties being liable to answer there for any breach of the trust confided to them by *the court,* in the grant of administration, or to a suit at law upon their bond for a breach of its condition, a court of equity could not entertain jurisdiction. I fully concur in these decisions, so far at least as they can be considered as laying down the rule, that over subjects expressly confided to the probate court by the constitution, its jurisdiction is exclusive. That is to say, in cases of dower, in all matters testamentary and of administration, cases of idiocy, and of persons *non compos mentis,* and of orphan's business generally. In all cases arising, therefore, under an administration, or the grant of letters testamentary, which concern the rights or the liabilities of the executor or administrator, and where the powers of the probate court are ample to decide the question and to do full justice, the latter tribunal alone should determine in the first instance. In laying down this proposition, I would not be understood to say that questions of litigation may not arise between the executor or administrator and those interested in the estate, which necessarily belong to a court of chancery. There are some trusts which can be enforced in no other tribunal. And in all cases where the powers of the probate court are found inadequate to do full and ample justice between the parties, either on account of the subject matter, or the want of power to compel either party to appear, the aid of a court of equity may be in-

[F. C. McRea, Appellant, *v.* Walker *et al.*]

voked. What I mean to say then is, that questions purely of administration and which concern the execution of the trust in the ordinary mode of administration, such as returning an inventory, an account of sales, paying debts, and complying generally with the orders of the court, in all matters touching the administration, belong to the probate court. In these cases, it seems to me, that whatever construction the Chancellor may give to the provisions of the constitution, on this subject, he ought not to entertain jurisdiction. It is against the policy of our system to draw parties from the local jurisdiction, which has been established for their convenience and accommodation, as well as for the speedy and cheap method by which it administers justice, to one more distant, and far more expensive. And besides, as was well observed by the judge who delivered the opinion of the court in the case of Blanton *v.* King *et al.* "If any person wishing to proceed in that court, in the administration of an estate, may apply to it in the first instance for letters of administration," or he might have added, "may remove the subsequent proceedings into that court, and have the whole proceeding there concluded, the whole business which is now transacted in fifty-six counties, might be thrown into one court of chancery."

Thus understanding the doctrine of these cases, I cannot perceive its application to the present case. The bill alleges that no administration has been had on the estate of Christiana McRea, or that of complainant's mother. This statement is deemed decisive of the question. Upon which one of the parties can the probate court act? Can parties proceed in that court for the purpose merely of settling a disputed question of title? Against whom could the process of that court be asked? The probate judge can have no power to order a distribution in this case, because it has no jurisdiction over the persons of the defendants. The case of Cable *v.* Martin and Bell, 1 How. 558, decided by this court at a former term, is in accordance with this opinion.

Let the decree be reversed, and the cause remanded for further proceedings.